UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80921-McCabe

ROXANNE UJHELYI SZAKACS,

Plaintiff,

v.

2842 S. OCEAN LL, et al,

Defendants.

_________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's pro se Application to Proceed in District Court Without Prepaying Fees or Costs (DE 3) and Motion for Service by the United States Marshal (DE 5). Plaintiff also filed a motion requesting that this case be transferred to a District Judge. (DE 8). By separate Order entered contemporaneously with this Report and Recommendation, the undersigned has directed the Clerk of Court to reassign this case to a United States District Judge. To facilitate the newly assigned District Judge's consideration of the pending application and motion, the undersigned issues this Report and Recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that the application and motion (DE 3, DE 5) be **DENIED.**

## I. APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed in forma pauperis. *Pace v. Evans*, 709 F.2d 1428,

1429 (11th Cir. 1983). Before granting relief, a court must first examine "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Upon review of Plaintiff's application, the Court finds that Plaintiff has not satisfied the poverty requirement. Plaintiff reports average gross monthly income of $2,012, consisting of $1,712 in employment income and $300 in self-employment income. (DE 3 at 1–2). She expects to receive the same amount during the next month and reports that she currently works two part-time or seasonal jobs. (DE 3 at 1–2). Plaintiff also reports $2,000 in a Wells Fargo bank account. (DE 3 at 2). In addition, she owns a vehicle valued at $9,000, a watch valued at $500, and a laptop valued at $700. (DE 3 at 3). Plaintiff has no dependents. (DE 3 at 3). She reports no vehicle, credit card, or department-store installment payments, although she identifies an unexplained $50 monthly "other" installment payment. (DE 3 at 4). Plaintiff reports total monthly expenses of $2,041, which exceed her gross monthly income by $29. (DE 3 at 4–5). Nevertheless, her $2,000 bank balance would allow her to pay the $405 filing fee and retain $1,595 to cover living expenses.

The Court finds that Plaintiff's current employment, lack of dependents, lack of identified substantial debt, and disclosed bank funds demonstrate that she can pay the filing fee. Accordingly, Plaintiff has not established entitlement to proceed in forma pauperis, and the application should be denied.

## II. <u>MOTION FOR SERVICE BY THE UNITED STATES MARSHAL</u>

Plaintiff also asks the Court to direct the United States Marshal to serve the summonses and Complaint on Defendants. (DE 5). Federal Rule of Civil Procedure 4(c)(3) permits the Court to order service by the United States Marshal. The Rule requires such service, however, only when

a plaintiff has received authorization to proceed in forma pauperis under 28 U.S.C. § 1915 or proceeds as a seaman under 28 U.S.C. § 1916. Neither circumstance applies here. Plaintiff has not established entitlement to proceed in forma pauperis, and she does not proceed as a seaman. Plaintiff also identifies no independent basis for the Court to exercise its discretion to order Marshal service. Accordingly, the motion should be denied. Plaintiff remains responsible for timely service under Federal Rule of Civil Procedure 4(m). Failure to complete timely service may result in dismissal without prejudice.

## III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (DE 3) be **DENIED**.
2. Plaintiff's Motion for Service by the United States Marshal (DE 5) be **DENIED**.
3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of August 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE